## Foster v. Phillips Brothers.

(Decided June 14, 1927.)

Appeal from Lincoln Circuit Court.

Sales.—Where plaintiff having residence stuccoed did not trust judgment of defendant dealers, who had no knowledge of the material and so explained themselves to plaintiff, but insisted that manufacturer furnish man to do work, defendants were not liable under implied warranty that material was reasonably suitable for purpose.

J. S. OWSLEY for appellant.

P. M. McROBERTS for appellees.

OPINION OF THE COURT BY JUDGE LOGAN—Affirming.

The appellant owned a frame residence near Stanford, Ky., which he concluded to have stuccoed. He wrote a number of firms engaged in producing stucco, and, as a result of his inquiry, the American Magnestone Company advised him that it would probably have a representative in his locality in the near future. At the time appellees were engaged in business as a firm in Stanford. One of the members of the firm was a visitor at the home of appellant when he was considering having his house stuccoed, and there was some discussion about

the matter.   This member of the firm advised appellant that he knew nothing whatever about stucco and that he would not recommend any stucco as he did not believe that it was suited to the climate.   Later the representative of the American Magnestone Company came to Stanford, and, as the company did not sell directly to the trade, this representative found appellees and wanted to make arrangements with them whereby they might handle the brand of stucco put out by his company.   This seems to have been agreeable, and the representative of that company and one of the appellees went to the home of appellant, where the matter of doing the work for appellant was fully considered.   The representative of the producing company did substantially all of the talking, and he recommended his material in superlative terms. He advised appellant that the appellees would be the agents of his company in that territory.   Appellant inquired the cost of having his house stuccoed, and, after some calculation, he was informed that the cost would be $1,250.   Previously he had said that if he should have the work done the producing company would have to furnish a man to see that the material was properly put on as appellees did not know about doing such work.   It had been agreed that the company would furnish a man if the work was undertaken.   The price submitted to appellant was $1,250, which he thought was too much.   He offered to pay $1,000 for the work.   This proposition was not accepted.   A few days later one of the appellees returned and advised appellant that they had become convinced that the stucco was all right or was the proper thing, and they agreed to do the work for $1,000.   The producing company sent a man to supervise the work. There was some difficulty about the work while it was going on, but it was finally completed and appellant was sufficiently well satisfied to pay the contract price to appellees.

This took place in 1921.   Within a short time the stucco commenced to show signs of deterioration.   Appellees made efforts to correct the trouble and carried on considerable correspondence with the American Magnestone Company in an effort to have it make good its representations.   Nothing could remedy the trouble, and as a consequence appellant instituted suit against appellees for the $1,000 which he had paid them and also $500 in damages which he estimated would be the cost of restor-

ing his house to the condition it was before the work was undertaken.

The trial resulted in a verdict in favor of appellees. The only complaint we find urged by appellant is that the lower court should have sustained his motion at the conclusion of all of the evidence, and directed the jury to return a verdict for him. There seems to be no controversy about the worthlessness of the work which was done for appellant or the amount of money which it would cost to restore his home to the condition it was before the work was undertaken. Appellant knew nothing of stucco work, and neither did the appellees. There seems to be no controversy over the fact that the agent of the producing company represented the material as suitable for the particular work desired by appellant. The sole question is whether appelees can be held responsible under the facts in this record.

Appellant relies on the case of Marbury Co. v. Stearns Mfg. Co., 107 S. W. 201, 32 Ky. Law Rep. 739. The court in that case approved the doctrine that where a manufacturer or dealer contracts to supply an article which he produces or in which he deals, which material is to be applied to a particular purpose, and where the buyer does not know whether the material is suitable and trusts to the judgment or skill of the manufacturer or dealer, there is an implied warranty that the material is reasonably suitable for the purpose to which it is to be applied. This is a rule where the buyer trusts to the manufacturer or dealer and relies upon the judgment of the manufacturer or dealer and not upon his own judgment.

We are of the opinion that this case does not fall within the rule above announced in so far as the appellees are concerned. There is no doubt that appellant relied upon the information of the manufacturer, but he did not trust the judgment of the dealer, as he knew that the dealer had no more information on the subject than he himself had. They were the agents of the manufacturer, but this record does not show that they had any knowledge of the material, and that they so explained themselves to appellant. In some cases the presumption is that the buyer relies upon the judgment of the seller, but in this case that presumption is overcome by the proof which shows that the buyer did not rely upon the judgment of appellees. Appellant was unwilling to trust

the appellees to do the work, and he insisted that the manufacturer should furnish an experienced man to do the work.

The court submitted to the jury the question as to whether the appellees warranted the material or the work, and allowed the jury to return a verdict for appellant if they did so. The jury found against appellant, and, while there is no doubt that he was badly treated and that his loss has been considerable, we find no error in the record.

The judgment is affirmed.